UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB BARR, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL & NESS LLC, a Florida limited liability company,<br><br>Defendant. | CASE NO. _____<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1453 |

**PLEASE TAKE NOTICE** that Defendant Mitchell & Ness LLC ("M&N") by and through its undersigned counsel, removes the above-captioned action currently pending in the Superior Court of the State of Washington for King County (Case No. 23-2-03366-3, the "State Court Action") to the United States District Court for the Western District of Washington. This removal is made under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

M&N hereby provides "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014).[1] For the reasons set forth below, the Court has subject matter jurisdiction under CAFA.

---

[1] *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'").

## I.  RELEVANT PROCEDURAL HISTORY

1. On February 22, 2023, Plaintiff Jacob Barr ("Plaintiff"), on his own behalf and on behalf of other similarly situated persons, filed a putative class action complaint ("Complaint" or "Compl.") against M&N in the Superior Court in and for King County, Washington. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. On February 23, 2023, M&N was served with the Complaint. A true and correct copy of the Declaration of Service is attached as **Exhibit B**.

3. True and correct copies of a printout of the state court docket, together with all process, pleadings, and orders in the State Court Action that are not included in Exhibit A or Exhibit B, are attached as **Exhibit C**.

4. This Notice of Removal is timely under 28 U.S.C. §§ 1441 and 1446 because the Complaint is indeterminate on removability, and M&N has discovered grounds for removal based on its own information. 28 U.S.C. § 1446; *Roth v. CHA Hollywood Center, L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) (holding that 28 U.S.C. §§ 1441 and 1446 "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines [in § 1446(b)]" and that "a defendant does not have a duty of inquiry" triggering either of the thirty-day deadlines "if the initial pleading or other document is 'indeterminate' with respect to removability").

5. Nothing in this Notice of Removal shall constitute a waiver of M&N's right to assert any defense or challenge any allegation in the Complaint. M&N denies any liability to Plaintiff or the putative class, denies that Plaintiff is an adequate class representative for the class he seeks to represent, denies that any class could be properly certified or litigated, denies that Plaintiff has stated a claim, and denies that Plaintiff or the putative class members are entitled to

recover any of the relief requested in the Complaint. M&N also does not concede and specifically reserves its right to contest the suitability of this lawsuit for certification as a class action.

## II.     SUMMARY OF PLAINTIFF'S RELEVANT ALLEGATIONS

6.     The Complaint alleges that Plaintiff is an individual residing in King County, Washington, and that M&N is a limited liability company registered and headquartered in the state of Florida. Compl. ¶¶ 2.1, 2.2.

7.     The Complaint alleges that M&N is a manufacturer and retailer of sports apparel that offers jerseys, clothing, shoes, and other sports memorabilia for sale through its website. *Id.* ¶ 4.2. Plaintiff alleges that, on February 17, 2023, he received an unsolicited commercial text message from M&N without his consent. *Id.* ¶¶ 4.2, 4.4. He seeks to represent a putative class of "[a]ll persons in Washington State who were sent, to their cellular telephone numbers, at least one commercial text message from Mitchell & Ness LLC." *Id.* ¶¶ 4.5, 5.2.

8.     The Complaint alleges a single cause of action for violations of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et seq*. ("CPA"), based on alleged violations of the Washington Consumer Electronic Mail Act, Wash. Rev. Code § 19.190.010 *et seq*. ("CEMA"). Compl. ¶ 6.3.

## III.    VENUE

9.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the location where the State Court Action was pending. 28 U.S.C. § 128(b).

## IV.    JURISDICTION

10.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), and the action is removable pursuant to

28 U.S.C. § 1441(a) and 1453.

11. CAFA grants this Court jurisdiction over this action because: (i) this case meets CAFA's definition of a "class action"; (ii) the putative class consists of more than 100 members; (iii) there is minimal diversity of citizenship; (iv) the amount in controversy, after aggregating the sum or value of each proposed class member's potential claim, exceeds $5 million (exclusive of interest and costs); and (v) M&N is not a state, state official, or other governmental entity. *See* 28 U.S.C. § 1332(d).

### A. This Action is a "Class Action"

12. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).

13. The caption of the Complaint indicates that it is a "Class Action." Plaintiff devotes a section of the Complaint to "Class Action Allegations" and seeks to certify a putative class defined as "[a]ll persons in Washington State who were sent, to their cellular telephone numbers, at least one commercial text message from Mitchell & Ness LLC." *Id.* ¶¶ 5.1-5.11. Thus, Plaintiff's allegations in the Complaint meet CAFA's definition of a "class action."

### B. The Putative Class Consists of More than 100 Members

14. CAFA requires more than 100 putative class members for removal. 28 U.S.C. § 1332(d).

15. Under *Roth*, when the allegations in the complaint are indeterminate, a removing defendant may establish grounds for CAFA removal based on its own investigation. 720 F.3d at 1123. Plaintiff seeks to represent a class of "[a]ll persons in Washington State who were sent, to their cellular telephone numbers, at least one commercial text message from Mitchell & Ness

LLC" and claims that "numerous consumers in Washington State are believed to be members of this class" such that "[j]oinder of so many class members into a single action is impracticable." Compl. ¶¶ 5.2, 5.4. Plaintiff does not allege a class size.

16. Based on M&N's own independent investigation, it has confirmed that between March 1, 2022 and the date of this removal, at least one commercial text message was sent to more than 101 recipients whose phone numbers are assigned with Washington state area codes. Thus, the aggregate number of putative class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. This Action Meets CAFA's Minimum Diversity Requirement

17. This action also meets CAFA's requirement of minimal diversity. Minimal diversity exists for purposes of removability under CAFA if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. The Complaint alleges that Plaintiff is a resident of King County, Washington. Compl. ¶ 2. Plaintiff also is domiciled in and a citizen of Washington because public records show that he lives in, owns property in, and operates businesses in King County and has done so for several years. Thus, at least one member of the putative class is a citizen of the state of Washington.

19. For purposes of establishing minimal diversity of citizenship under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is an unincorporated association. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009).[2] M&N is a limited liability company organized under

---

[2] *See also Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (finding "that for purposes of CAFA, [a limited liability company] is a citizen of the State where it has its principal place of business and the State under whose laws it is organized" and denying motion for remand); *Hernandez v. State Farm Fire & Cas. Co.*, No.

the laws of the state of Delaware with its principal place of business in Florida. The minimal diversity requirement is thus satisfied, because Plaintiff is a citizen of Washington, and M&N is a citizen of Florida. *See* 28 U.S.C. § 1332(d)(2)(A).

### D.  The Amount in Controversy Exceeds the CAFA Threshold of $5 Million

20. Federal courts have original jurisdiction under CAFA for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether that threshold is met, the claims of the individual class members are aggregated. *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (quotation marks omitted).

21. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not contain evidence[.]" *Dart Cherokee Basin*, 574 U.S. at 89, 95; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (same).

22. Plaintiff does not quantify the monetary relief sought. The Complaint is thus indeterminate with respect to the amount-in-controversy requirement. *See Roth*, 720 F.3d at 1125 (finding complaint indeterminate with respect to removability because it "did not reveal on its face that there was . . . sufficient amount in controversy to support jurisdiction under CAFA"). Plaintiff, however, alleges he was injured when, on February 17, 2023, he "received an unsolicited

---

16CV200-LAB (JLB), 2017 WL 932198, at *2 n.1 (S.D. Cal. Mar. 9, 2017) (finding that "[u]nder CAFA, . . . an LLC is deemed to be a citizen both of the state where it has its principal place of business as well as the state under whose laws it is organized"); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714 (N.D. Cal. 2021) (same); *Parker v. Dean Transp., Inc.*, No. CV 13-2621-BRO(VBKX), 2013 WL 12091841, at *9 (C.D. Cal. June 26, 2013) (same).

commercial text message from M&N" without consent. Compl. ¶¶ 4.3, 4.4. He also seeks to represent a putative class of "[a]ll persons in Washington State who were sent, to their cellular telephone numbers, at least one commercial text message from Mitchell & Ness LLC" and claims that "numerous consumers in Washington State are believed to be members of this class," but Plaintiff does not state the number of putative class members or the amount of commercial text messages each putative class member received. Compl. ¶¶ 5.2, 5.4. Plaintiff seeks an order that he and other putative class members be awarded at least $500.00 for each violation. Compl. at 7 (Prayer for Relief). He further alleges that M&N's "practice of transmitting and/or assisting in the transmission of electronic commercial text messages" to Plaintiff's and putative class members' cellular phones is an "intentional, willful" violation of the Washington Consumer Protection Act and that he and the putative class are entitled to "all attorneys' fees, costs, and treble damages as allowed by Wash. Rev. Code § 19.86.010, et seq., and as otherwise permitted by law." *Id.* ¶¶ 6.4, 6.6, 6.11.

23. Plaintiff claims that damages for the transmission of an unsolicited commercial electronic text message in violation of CEMA are $500 or actual damages, whichever is greater. Wash. Rev. Code § 19.190.040(1). Plaintiff also claims that violations of CEMA are *per se* violations of the CPA, Wash. Rev. Code § 19.190.100, subject to treble damages in the court's discretion. *Id.* § 19.86.090.

24. M&N has discovered, based on its own independent investigation (*Roth*, 720 F.3d at 1125), that between March 1, 2022 and the date of this removal, M&N caused more than 10,001 electronic commercial text messages to be sent to phone numbers with Washington state area codes. Thus, based on M&N's own investigation, the amount in controversy exceeds $5 million

based on the minimum $500 statutory damages, which, upon trebling, would be more than $15 million.  28 U.S.C. § 1332(d)(6).

25.    Under CAFA, the amount in controversy also includes reasonable attorneys' fees that might be permitted, not just through the date of removal, but through resolution of the action. *See Fritch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). The Complaint seeks attorneys' fees. Compl. ¶ 6.11; Wash. Rev. Code § 19.86.090 (allowing a plaintiff to recover "a reasonable attorney's fee"). Although not applied as a *per se* rule, and without conceding Plaintiff's entitlement to attorney's fees, a 25% benchmark is typically applied by courts in this Circuit to assess the amount in controversy in class actions. *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 777 n.4 (9th Cir. 2020) (holding that removal was proper where defendant calculated "25 percent of the compensatory damages and punitive damages . . . to meet the $5+ million amount-in-controversy requirement" and district court "assumed it to be acceptable"); *see also In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1120 (9th Cir. 2021) (discussing "25% benchmark for attorneys' fees" for consumer class actions). Applying a 25% benchmark for attorneys' fees, the amount in controversy is well over $5 million.

### E.  M&N is not a state, state official, or other governmental entity

26.    M&N is not a state, state official, or other governmental entity. 28 U.S.C. § 1332(d)(5)(A).

27.    Thus, this action is removable under CAFA.

### V.    NOTICE

28.    As required by 28 U.S.C. § 1446(d), M&N will serve written notice of this Notice of Removal on Plaintiff, and M&N will file a copy of this Notice of Removal with the clerk of the Superior Court for King County, Washington.

## VI. CONCLUSION

As shown above and in the supporting Exhibits, this lawsuit meets CAFA's requirements, removal is proper under 28 U.S.C. §§ 1332(d)(2), 1441(a), and 1453, and M&N respectfully requests that this action proceed as if this case had been originally initiated in this Court.

Dated: April 10, 2023                    Respectfully submitted,

**OGDEN MURPHY WALLACE P.L.L.C.**

By: /s/ *Jessica B. Jensen*
jjensen@omwlaw.com
901 Fifth Avenue, Suite 3500
Seattle, WA 98164
Telephone: 206.447.2238
Fax: 206.447.0215

**GREENBERG TRAURIG, LLP**

Robert J. Herrington (*pro hac vice to be filed*)
herringtonr@gtlaw.com
Lori Chang
changl@gtlaw.com
David H. Marenberg
marenbergd@gtlaw.com
1840 Century Park East, Suite 1900
Tel: 310-586-7700
Fax: 310-586-7800

*Attorneys for Defendant Mitchell & Ness LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jessica B. Jensen*
Jessica B. Jensen